■ In the Matter of DIANA WOLFE, Respondent, v. SIBLEY, LINDSAY & CURR Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 12, 1973, which held that claimant was entitled to disability benefits. On June 9, 1971 claimant's immediate supervisor committed suicide by a self-inflicted gunshot wound at his office. Claimant opened the office door and was the first to discover his body. Thereafter, she became mentally disturbed and depressed and eventually consulted Dr. Ronald R. Grinols, a psychiatrist, for treatment. Her condition was described by Dr. Grinols as an acute depressive reaction, and she was hospitalized on July 9, 1971, where she remained until September 10, 1971. Later she was readmitted again to the hospital in December, 1971 and given shock treatments. It was not until the end of 1971 that she had recovered sufficiently to return to work. The board could find on the instant record a compensable injury if psychological trauma with no physical manifestations can constitute an accident under the Workmen's Compensation Law. The board has held that there was an accidental injury but the case law in New York is to the contrary (*Matter of Straws* v. *Fail*, 17 A D 2d 998, mot. for lv. to app. den. 12 N Y 2d 647; *Matter of Chernin* v. *Progress Serv. Co.*, 9 A D 2d 170, affd. 9 N Y 2d 880). In both of those cases this court held that, as a matter of law, compensation is not payable for mental injury precipitated solely by a mental cause, and the Court of Appeals has not seen fit to disturb this conclusion. Thus, while scholars such as Larson (1-A Larson, Workmen's Compensation Law, § 42.23, pp. 7-379 to 7-381) and cases in other jurisdiction have taken a contrary position (see 1-A Larson, *supra*, p. 7-381), the present law in this State is that mental injury solely from mental cause is not compensable. We see no basis for this court to change this position, and thus the board's decision must be reversed and the claim dismissed. Decision reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.